DELAWARE, L. & W. R. CO. v. INTERSTATE COMMERCE COMMISSION et al.

(Circuit Court, S. D. New York. October 22, 1908.)

CARRIERS (§ 33*)—REGULATION—INTERSTATE COMMERCE—CONNECTIONS BETWEEN CARRIERS—APPLICATION BY LATERAL BRANCH LINE.

Interstate Commerce Act Feb. 4, 1887, c. 104, § 1, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), provides that carriers, in certain contingencies, shall construct, maintain, and operate switch connections on the application of any lateral branch line of railroad or of any shipper tendering interstate traffic, and that, if the carrier fails to install such connection "on application therefor in writing by any shipper," then the shipper may complain to the Interstate Commerce Commission. Held, that such act only contemplated a complaint by a shipper, and that a complaint by a lateral branch line railroad was insufficient to confer jurisdiction.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 33.*]

John L. Seager, for complainant.
Henry L. Stimson, for defendant Interstate Commerce Commission.
Charles A. Collin, for defendant Railway Valley R. Co.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. That portion of section 1 of the interstate commerce act (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]) which deals with switch connections provides that any common carrier subject to the provisions of the act shall (in certain contingencies) construct, maintain, and operate a switch connection upon the application either of "any lateral branch line of railroad" or of "any shipper tendering interstate traffic for transportation." Further on in the section, where provision is made for hearing, investigation, determination, and the making of an order by the commission, it is provided that such procedure shall be had when the common carrier shall fail to install and operate such switch connection "on application therefor in writing by any shipper," and when "such shipper may make complaint to the commission." In this part of the section there is no provision as to any application or complaint made by the "lateral branch line." It may be that this is an oversight. Quite probably Congress intended to allow the lateral branch line, as well as the shipper, to invoke the action of the commission; but it has not said so in this statute, and we all agree in the conclusion that it is not for this court to amend the act.

In the case at bar there was no written application by any shipper, nor any complaint by such shipper to the commission. The "lateral branch line" was the only moving party. In the absence of such written application and complaint, we think it was without power to make the order complained of. An order for preliminary injunction may issue.